IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANGELA CROCKETT**                                                                                    **PLAINTIFF**

vs.                                            No. 2:20-cv-13107

**GENERAL MOTORS, LLC, and**                                                          **DEFENDANTS**
**GENERAL MOTORS COMPANY**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Angela Crockett ("Plaintiff"), by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against General Motors, LLC, and General Motors Company (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours in excess of forty hours per week.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Michigan has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts alleged in this Complaint had their principal effect within the Southern Division of the Eastern District of Michigan, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and a resident and resident of Wayne County.

6. Separate Defendant General Motors, LLC ("GM LLC"), is a foreign limited liability company.

7. GM LLC's registered agent for service of process is CSC-Lawyers Incorporating Service (Company), at 601 Abbot Road, East Lansing, Michigan 48823.

8. Separate Defendant General Motors Company ("GM Company") is a foreign, for-profit corporation.

9. GM Company's registered agent for service of process is The Corporation Company, at 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

10. GM LLC and GM Company do business as General Motors and as GM.

11. Defendants maintain a website at https://www.gm.com/.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Upon information and belief, Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

14. Upon information and belief, the revenue generated from GM LLC and GM Company is merged and managed in a unified manner.

15. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

16. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as tools, car parts and computers.

17. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and

manner of compensation paid.

19. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

20. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

21. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

22. At all times material herein, Plaintiff has been classified by Defendant as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

23. At all relevant times herein, Defendant directly hired Plaintiff to work at its facilities, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

24. Plaintiff was employed by Defendant as a Design Release Engineer from February of 2019 until February of 2020.

25. Plaintiff's job duties included writing work orders, determining the defects in returned parts and creating new designs for the parts.

26. Plaintiff did not have the authority to hire or fire any other employee, nor were her recommendations for hiring or firing given particular weight.

27. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

28. Plaintiff sought input from her supervisors in lieu of making significant decisions on her own.

29. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

30. Plaintiff has a bachelor's degree in mechanical engineering and a master's degree in business administration, but neither of these degrees were required or even particularly helpful or relevant in performing the duties of a Design Release Engineer.

31. Plaintiff regularly worked over forty hours per week.

32. Defendant did not pay Plaintiff 1.5x her regular rate of pay for hours worked over 40 per week.

33. In the course of her employment, Plaintiff was regularly required to drive from Defendant's headquarters in Warren to Defendant's plant in Flint.

34. The drive from the headquarters to the plant was approximately 60 miles one way and took Plaintiff between 1 and 1.5 hours to complete.

35. Plaintiff estimates she was required to drive from headquarters to the plant approximately five to six times per month.

36. Defendant did not reimburse Plaintiff for gasoline or automobile expenses.

37. Plaintiff estimates Defendant owes her over $1,000.00 in reimbursement for mileage.

38. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

39. Because Defendant failed to reimburse Plaintiff for mileage, she consistently "kicked back" to Defendant the cost of her mileage, which caused additional overtime violations.

40. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of her hours worked over forty per week.

41. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.   CAUSE OF ACTION—Violation of the FLSA

42. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

43. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

44. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

45. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in

one week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

47. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

48. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

49. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Angela Crockett respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

  D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

  E. Judgment for liquidated damages pursuant to the FLSA;

  F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

  G. For a reasonable attorney's fee, costs, and interest; and

  H. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ANGELA CROCKETT**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com